IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY FORRINGER, )
)
Plaintiff, ) Civil Action No. 17-1272
) Chief Magistrate Judge Maureen P. Kelly
v. )
SAVAGE ARMS, INC., )
) Re: ECF No. 2
Defendant. )

## **ORDER**

On September 29, 2017, Defendant Savage Arms, Inc. ("Defendant") removed this case from the Court of Common Pleas of Allegheny County to this Court. ECF No. 1. On October 4, 2017, Plaintiff Jeffrey Forringer ("Plaintiff") filed a Motion to Remand and a Brief in Support thereof. ECF Nos. 2-3. On October 18, 2017, Defendant filed a Response in opposition to the Motion to Remand, as well as a Brief in Support of the Response. ECF Nos. 11-12.

In the instant Motion to Remand, Plaintiff seeks remand of this case to the Court of Common Pleas of Allegheny County on the basis that Defendant's Notice of Removal was untimely. ECF No. 2 ¶ 10. Pursuant to the relevant provisions of 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within 30 days after receipt by the defendant of the initial pleading via service or otherwise. Plaintiff asserts that because he served the Complaint in this action via certified mail on August 14, 2017, Defendant's September 29, 2017, Notice of Removal was untimely. Id. ¶¶ 4-5, 9-10.

In response, Defendant asserts that it was not properly served on August 14, 2017, and that the Notice of Removal was timely filed within 14 days of its September 15, 2017, receipt of the Complaint. ECF No. 12 at 2.

Plaintiff sought to serve Defendant at its corporate headquarters in Westfield, Massachusetts. ECF No. 3 at 1. Pursuant to Pennsylvania Rule of Civil Procedure 404, service outside of the Commonwealth of Pennsylvania may be made, *inter alia*, by mail in the manner provided by Pennsylvania Rule of Civil Procedure 403. PA. R. CIV. P. 404(2). Rule 403 provides, in pertinent part:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendants by <u>any form of mail requiring a receipt signed by the defendant or his authorized agent</u>. Service is complete upon delivery of the mail.

PA. R. CIV. P. 403 (emphasis added).

Further, the Note accompanying Rule 403 provides: "The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent. Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery." Id. Note.

In this case, Plaintiff sent the Complaint via certified mail.[1] ECF No. 3 at 1. Unlike restricted delivery mail, certified mail does not restrict the recipient of the mail to the addressee or his authorized agent. ECF No. 12-3 at 2. Because certified mail does not require a receipt signed by the defendant or his authorized agent, it is not a form of mail which complies with the requirement set forth in Rule 403. McVicker v. Knight Protective Serv., Civ. A. No. 11-245, 2011 U.S. Dist. LEXIS 50167 (W.D. Pa. 2011) (finding certified mail insufficient to effectuate service).

The Court finds that the Complaint received via certified mail on August 14, 2017, was not served in accordance with Pennsylvania Rules of Civil Procedure 403(2) and 404.

---

[1] The Complaint mailed via certified mail was signed for on August 14, 2017, but "as a result of an error in communication, the certified mail was not forwarded to [Defendant's] corporate counsel." ECF No. 12 at 2. A second certified mail delivery on September 15, 2017, was forwarded to the appropriate legal personnel for Defendant. Id.

2

Accordingly, the time for removing the instant lawsuit did not begin on that date. Thus, Plaintiff's Motion to Remand is without basis.

AND NOW, this 23rd day of October, 2017, the Motion to Remand, ECF No. 3, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM-ECF